IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD MARK ARTHUR DIXIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-CV-120 |
| ) | |
| KEYBANK NATIONAL ) | |
| ASSOCIATION, et al, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This action was filed by Plaintiff Gerald Mark Arthur Dixie, acting *pro se*. As Defendants, Plaintiff has named KeyBank National Association and Anthony Blakeslee, "Bank Officer." Defendants have moved to dismiss and/or alternatively for a more definite statement. ECF No. 8.  In response to the motion to dismiss, Plaintiff has made multiple opposing filings. *See* ECF Nos. 17, 18, 21, 25, 26, and 27.

When presented with a motion to dismiss, district courts are to engage in a three-step inquiry in order to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) *quoting Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011).

1

Because the complaint in this matter is so vague, it is impossible to undertake the required analysis. Plaintiff's *pro se* complaint provides no factual details. In it, his sole factual allegation is limited to one paragraph:

> The Defendant #1, Anthony Blakeslee, negligence of fiduciary duties within the consumer credit transaction April 16, 2024 at 1468 West Gore Road in Erie, PA 16509 led to a fraudulent denial of access to credits, notified by mail May 2nd dated April 21st, 2024 from Defendant #1, Key Bank.

ECF No. 3, page 4. As relief for an alleged violation of statutory rights, Plaintiff seeks:

1) Reversal of the denied extension of credit application; and the creation of the principal account with correct book-entry amount, that is to be calculated and confirmed at conclusion of hearing or settlement.

2) Attach presented tender to application that has been reversed to accepted[.]

3) Upon establishment of the principal account, Plaintiff demands that the Court order the crediting of principal account with the following amounts:
   – damages pursuant to 15 U.S.C. § 1640, totaling twice the finance charge ($65,000.00 x 2 = $130,000), as a result of Defendant's violation of the Truth in Lending Act (TILA);
   – calculate from the dated denial letter, April 21, 2024 to the day of hearing or settlement, a second-tier civil money penalty pursuant to Federal Reserve Section 29, as a consequence of Defendant's breach of fiduciary duties.

4) Including costs and attorney's fees[.]

5) Plaintiff's last prayer for relief: the clerk of the court to calculate and enter judgement [sic] for the damages awarded.

*Id*. at page 5.

In his other subsequent filings, Plaintiff expands slightly on the factual specifics on which he bases his complaint. Reading between the lines, Plaintiff's legal claims here seem to arise from KeyBank's denial of his application for a consumer loan.

Because Plaintiff is proceeding *pro se*, the allegations of his complaint must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *See also Haines v. Kerner*, 404 U.S.

519, 520-21 (1972) (*pro se* pleadings are held to "less stringent standards than formal pleadings drafter by lawyers"). However, Plaintiff's complaint is lacking sufficient factual detail to support any legal claims. Without factual support, Plaintiff's complaint is wholly inadequate. Notwithstanding the relaxed pleading standard applicable to them, *pro se* litigants "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina*, 704 F.3d 239, 245 (3d Cir. 2013).

      Plaintiff will be given the opportunity to file an amended complaint. *See Pennsylvania v. Buckshaw*, 2010 WL 1443526 (M.D. Pa. 2010); Fed.R.Civ.P. 15(a)(2) ("the court should freely give leave [to amend] when justice so requires."). The amended complaint must contain a statement of facts which sets forth the relevant details of this case. More than conclusory and vague allegations are required in order to state a cause of action. The amended complaint must include relevant dates, times, and locations. It must explain what happened by specifically describing **each** Defendant's behavior or action – or lack of action – that resulted in the alleged statutory violation. The actions of **each** Defendant must be identified – it is not sufficient to say generally that Defendants did this or that. Plaintiff should relate the relevant facts in chronological order. The amended complaint should include all facts that Plaintiff believes are relevant and all legal claims he wants to raise; Plaintiff should not incorporate by reference other documents already filed in this case. The amended complaint must be a complete stand-alone document. The amended complaint should also describe any injury he suffered as a result of the Defendants' alleged violation of his statutory rights.

      An appropriate order follows.