IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

GERALD MARK ARTHUR DIXIE,      )
                           )
         Plaintiff,           )
                           )
      vs.               )
                           )
KEYBANK NATIONAL ASSOCIATION  )
and ANTHONY BLAKESLEE,       )
                           )
        Defendants,       )
                           )

1:24-CV-00120-SPB

SUSAN PARADISE BAXTER
United States District Judge

MEMORANDUM OPINION ON
DEFENDANTS' MOTION TO DISMISS

IN RE: ECF NO. 31

## I.    Introduction

Defendants KeyBank, National Association ("KeyBank") and Anthony Blakeslee move to dismiss Plaintiff Gerald Mark Arthur Dixie's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 31. In response, Plaintiff seeks leave to file another amended pleading. ECF No. 36. For the reasons set forth below, the Court will grant Defendants' motion and dismiss this matter with prejudice.

## II.    Background and Procedural History

This case arises out of Plaintiff's attempts to secure a consumer loan.[1] On April 16, 2024, Plaintiff went to a KeyBank in Erie, Pennsylvania and applied for a $65,000.00 loan. ECF No. 30, p. 1; ECF 10-5, p. 2. In conjunction with his application, Plaintiff created his own document and called it a "Tender to Promissory Note" for the same amount of the loan. *See* ECF No. 10-4. The note lists KEYCORP as the borrower, GERALD MARK ARTHUR DIXIE as the original creditor,

---

[1] The following factual summary is based primarily on the averments in the pleadings. To aid the Court's clarity, the Court also refers to Plaintiff's exhibits submitted with his motion for summary judgment, ECF No. 10.

and Dixie Gerald-M as the beneficial owner/attorney-in-fact. *Id.*, p.1. Plaintiff endorsed the note with the following language:

FULL INDORSEMENT
(without recourse)
GERALD MARK ARTHUR DIXIE
By: Dixie Gerald-M/Beneficial Owner/Attorney-in-fact
For: GERALD MARK ARTHUR DIXIE/Principal/Original Creditor

*Id.*, p. 2. According to Plaintiff, and contrary to his instructions, Blakeslee said he would send the "tender" separately to the legal team and the loan application to underwriting. ECF No. 30, p. 2. On May 2, 2024, Plaintiff received a letter from KeyBank denying his loan application. *Id.*; ECF No. 10-6.

On May 6, 2024, Plaintiff submitted a *pro se* complaint asserting claims against KeyBank and "Bank Officer" Blakeslee for the fraudulent denial of his credit application. ECF No. 3.[2] Plaintiff asserted federal question jurisdiction under 28 U.S.C. § 1331, and cited in support the Consumer Credit Protection Act ("CCPA"), 12 U.S.C. § 1431, 18 U.S.C. § 8, 12 U.S.C. § 412, 15 U.S.C. § 77q(A), and 15 U.S.C. § 45. *Id.*, p. 3. He requested the Court order Defendants to approve his application and open an account in his name, and to credit that account with $130,000.00 for Defendants' alleged violation of the Truth in Lending Act plus a civil monetary penalty under Section 29 of the Federal Reserve Act. *Id.*, p. 5. Defendants moved to dismiss or in the alternative for a more definite statement, arguing the complaint failed to set forth facts to state a cognizable claim under the CCPA or any of the other statutes cited. ECF No. 8. The Court granted Defendants' motion in part and directed Plaintiff to file an amended complaint setting forth specific factual details to support his legal claims. ECF Nos. 28 and 29.

---

[2] The complaint was lodged on May 6, 2024, at ECF No. 1-2, and filed by the Clerk on May 7, 2024, at ECF No. 3.

On December 20, 2024, Plaintiff filed an Amended Complaint against Defendants for breach of contract under 12 U.S.C. § 1431. ECF No. 30. The heart of Plaintiff's claim has not changed, nor has it become easier to decipher. As in his original pleading, the Amended Complaint asserts Plaintiff entered into a consumer credit transaction with KeyBank through its fiduciary Blakeslee, and that KeyBank wrongfully denied him access to funds. *Id.*, pp. 1–2. From what the Court can gather, Plaintiff contends that by submitting the credit application and "Tender to Promissory Note," he granted to KeyBank a "security interest" and thereby created a contract obligating KeyBank to pay Plaintiff interest pursuant to 12 U.S.C. § 1431. *Id.*, p. 1. He claims he "provided collateral security, pursuant to federal statute 12 USC 412 . . . creating . . . [the] security interest . . . and securing obligations owed to the Principal." *Id.*, p. 2. He then received a letter from KeyBank "denying access to securities." *Id.* Plaintiff thus concludes KeyBank "breached the contract when they did not perform their contractual obligation, pursuant to federal statute 12 USC 1431, 'to borrow and give security therefor and to pay interest thereon.'" *Id.* For relief, he seeks "access to the account . . . in credit card form . . . in the amount of $249,000.00." *Id.*

Defendants now move to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 31. They argue neither 12 U.S.C. § 1431 nor 12 U.S.C. § 412 provide any legal basis for a claim against KeyBank or Blakeslee. ECF No. 32, pp. 3–5. They further contend Plaintiff fails to plead factual allegations supporting the existence of a contract, or of any tortious or wrongful conduct by Blakeslee. *Id.*, p. 5. Defendants urge the Court to dismiss the Amended Complaint with prejudice. *Id.*, p. 6.

Plaintiff did not file an opposition to the motion to dismiss. Instead, he moved for leave to file a second amended complaint, this time seeking to bring a claim for breach of contract under the Federal Reserve Act. ECF Nos. 36 and 36-1. Defendants oppose Plaintiff's proffered

amendment as futile and contend that permitting further amendment would be prejudicial and inequitable.  ECF No. 37.

This matter is now ripe for disposition.

III.    **Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  A complaint must, under Federal Rule of Civil Procedure 8(a)(2), contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  This "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).  In other words, plaintiffs must allege facts sufficient "to raise a right to relief above the speculative level" that "nudge[] their claims across the line from conceivable to plausible."  *Id.* at 555, 570.  Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

In deciding a Rule 12(b)(6) motion, the Court accepts as true the complaint's well-pleaded factual allegations and examines them in a light most favorable to the plaintiff.  *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).  However, the Court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation."  *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal quotations and citations omitted); *see Iqbal*, 556 U.S. at 678.  The Court's focus is simply whether the challenged claims should be allowed to move forward, not whether the plaintiff will ultimately prevail on his claims.  *See Twombly*, 550 U.S. at 563 n.8.  Further, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic

documents if the complainant's claims are based upon these documents" when deciding the motion to dismiss. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Additionally, because the Court granted Plaintiff leave to proceed *in forma pauperis* in this action, *see* ECF No. 2, his pleading is subject to the screening provisions in 28 U.S.C. § 1915(e). That statute requires the Court to review the complaint for cognizable claims and *sua sponte* dismiss the action or any portion thereof that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of the case "at any time"). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Thus, dismissal of a claim as frivolous is proper "where it depends on an indisputably meritless legal theory or a clearly baseless or fantastic or delusional factual scenario." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (internal quotations and citation omitted). A complaint is malicious when it "duplicates a pending suit," *Johnson v. City of Philadelphia*, 644 F. App'x 130, 131 (3d Cir. 2016), or when "the action is an attempt to vex, injure or harass the defendant," *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). Whether a complaint fails to state a claim for purposes of § 1915(e)(2)(B) is governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Finally, because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (the "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff"). But while courts construe *pro se* pleadings liberally, *Erickson v. Pardus*,

551 U.S. 89, 94 (2007), "there are limits to [this] procedural flexibility," and the litigant must still

allege sufficient facts to support a valid claim, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239,

245 (3d Cir. 2013).

## IV.    Discussion and Analysis

Plaintiff's Amended Complaint, even liberally construed, is legally and factually frivolous

and fails to state a proper basis for any claim within the Court's jurisdiction.[3]

---

[3] As an initial matter, the Court observes that the Amended Complaint appears to raise meritless arguments that flow from the sovereign citizen movement. "So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). Relevant here, "[t]he goal of some sovereign citizens is the recovery of money from the United States that they actually . . . or purportedly paid to the government." *Id.* at 282–83 (describing beliefs underlying such claims); *see Harrison v. Kortas*, 2024 WL 4219319, at *1 (N.D. Miss. Aug. 29, 2024) (summarizing sovereign citizen debt avoidance theories), *report and recommendation adopted*, 2024 WL 4217968 (N.D. Miss. Sept. 17, 2024); *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 209–13 (D. Conn. 2010) (providing detailed explanation of the "redemptionist," "vapor money," and "unlawful money" theories).

Though he does not explicitly identify himself as such, Plaintiff's "filings here are replete with the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign-citizen movement." *Sealey v. Branch Banking & Tr. Co.*, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019). For example, Plaintiff appears to subscribe to the "strawman" theory that a name written in all capital letters refers to a fictitious legal entity separate from the individual designated. *See Wood v. United States*, 161 Fed. Cl. 30, 34–35 (2022); *Bendeck v. U.S. Bank Nat'l Ass'n*, 2017 WL 2726692, at *6 (D. Haw. June 23, 2017). He refers to himself as "Dixie: Gerald-m, Agent, Attorney-in-fact here on behalf of the Principal, GERALD MARK ARTHUR DIXIE" and states he is "authorized to act on the Principal [sic] behalf . . . through the Power of Attorney from the Principal." ECF No. 30, p. 1; *see, e.g., Showers v. First Premier Bank*, 2024 WL 1616316, at *1 (S.D. Ind. Apr. 2, 2024) (rejecting as frivolous claims employing similar language), *appeal dismissed*, 2024 WL 4524543 (7th Cir. June 17, 2024); *Harrison*, 2024 WL 4219319, at *4 (plaintiff is not "a creditor who can demand unlimited credit by using his name spelled out in all capital letters and adding his Social Security number to an application for credit"). Additionally, Plaintiff asserts he provided KeyBank with "collateral security" and that KeyBank denied him "access to securities" and "lawful tenements that were claimed through writing on the tender." ECF No. 30, p. 2; *see Calloway v. Am. Express Nat'l Bank*, 2024 WL 4596241 (E.D. Pa. Oct. 28, 2024) (describing complaint asserting claims based on denial of credit card application similar to those brought by Dixie here). As the Third Circuit has observed, such "sovereign-citizen-based averments, . . . and invocations of alchemistic, archaic, and irrelevant formalism, are unlikely to bring [a plaintiff] relief in any court of law." *Coppedge v. SLS LLC*, 2024 WL 511037, at *1 n.5 (3d Cir. Feb. 9, 2024) (citation omitted).

Plaintiff's claim also appears to derive in part from the "vapor money" theory [] that promissory notes (and similar instruments) are the equivalent of 'money' that citizens literally 'create' with their signatures." *McLaughlin*, 726 F. Supp. 2d at 212; *see Demmler v. Bank One NA*, 2006 WL 640499, at *4 (S.D. Ohio Mar. 9, 2006) (characterizing as "ridiculous" plaintiff's assertion that when he gave bank promissory note, "he gave the bank his 'money,' which it simply lent back to him"). This mechanism for the creation of money may be what Plaintiff means when he says he gave KeyBank "collateral security" and that it is now obligated to pay him interest on the money he supposedly lent it. Though the exact nature of his claim is unclear, Plaintiff's allegations echo common sovereign citizen arguments that self-generated financial instruments are legal tender banks must accept as payment for debts, that banks use promissory notes to create money to fund loans, and that banks lend to borrowers the borrower's own money. *See, e.g., Stephens v. Santander Consumer USA, Inc.*, 2020 WL 1874117, at *3 (W.D. Tenn. Apr. 15, 2020) (collecting

Federal district courts have jurisdiction only in matters involving a federal question, diversity of citizenship, or other limited statutorily provided areas. *See* 28 U.S.C. § 1331 *et seq.* Relevant here, 28 U.S.C. § 1331 provides federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Such jurisdiction exists where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citation omitted); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312–14 (2005).

Although Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1331,[4] he does not argue or allege an actionable federal claim. Rather, Plaintiff seeks access to a $249,000.00 line of credit for Defendants' alleged breach of contract under 12 U.S.C. § 1431, a

cases rejecting claims based on such theories as "absurd and patently frivolous" and "baseless and fully devoid of merit"); *Richardson v. Deutsche Bank Tr. Co. Ams.*, 2008 WL 5225824, at *7 (M.D. Pa. Dec. 12, 2008) (observing that these arguments have "been tried and consistently rejected in federal courts across the country," and finding complaint based on such theories "to be patently frivolous and a waste of judicial resources").

The Court has reviewed Plaintiff's filings in detail and the opinions of federal courts addressing similar allegations. If, as the Court suspects, Plaintiff's allegations are premised on sovereign citizen theories, the Court would be well within its discretion to dismiss this action on this basis alone. *McLaughlin*, 726 F. Supp. 2d at 213–14 (collecting cases); *Geiger v. Conroy*, 2023 WL 2577233, at *13 n.34 (E.D. Pa. Mar. 20, 2023) ("**every** court to be confronted with 'the type of nonsensical language and legalisms . . . found in pleadings filed by adherents to the so-called sovereign citizen movement' has found them to be frivolous as a matter of law" (citation omitted)), *appeal dismissed*, 2023 WL 11134204 (3d Cir. Nov. 17, 2023); *Smith-Bey v. Hamlin*, 2023 WL 12040447, at *2 (C.D. Cal. Aug. 28, 2023) ("federal courts have repeatedly found that complaints that proffer sovereign citizen theories are by their nature 'frivolous' and therefore subject to dismissal"), *aff'd*, 2025 WL 671115 (9th Cir. Mar. 3, 2025); *see also Deutsch*, 67 F.3d at 1089 (district court may dismiss as frivolous a claim that "is of little or no weight, value, or importance, not worthy of serious consideration, or trivial"). Nevertheless, because Plaintiff does not explicitly identify himself as a sovereign citizen, and because the Court finds his claim to be legally and factually frivolous regardless of any ideological theory underlying it (or not), the Court will address below why Plaintiff fails to state a cognizable claim for relief under any of the legal theories advanced.

[4] Plaintiff stated in his original pleading that he brings this action pursuant to federal question jurisdiction under 28 U.S.C. § 1331. *See* ECF No. 3, p. 3. No information was provided to invoke diversity jurisdiction. The Amended Complaint makes no specific references to federal jurisdiction and thus fails to comply with Rule 8's requirement to provide a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1); *see also Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993) ("The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation.").

provision of the Federal Home Loan Bank Act titled "Powers and duties of banks." But that statute neither grants a private right nor authorizes a suit to vindicate it. *E.g.*, *Wallace v. Navy Fed. Credit Union*, 2025 WL 1349170, at *3 (D.S.C. Mar. 27, 2025), *report and recommendation adopted*, 2025 WL 1348607 (D.S.C. May 8, 2025); *Harrison*, 2024 WL 4219319, at *3 (collecting cases); *Hall v. Select Portfolio Servicing Inc.*, 2025 WL 1042339, at *7 (S.D.N.Y. Jan. 14, 2025) (Section 1431 "confers to the Federal Home Loan Banks the power to borrow money, issue bonds, and invest money . . . but it does not create a private right of action . . . and [plaintiff] could not possibly state any claim for relief under it"), *report and recommendation adopted*, 2025 WL 958542 (S.D.N.Y. Mar. 31, 2025); *see also Nelson v. Cap. One Bank, N.A.*, 2024 WL 3877605, at *3 (D. Md. Aug. 20, 2024) (Section 1431 does not "restrict Defendant's ability to deny Plaintiff a requested loan based on his credit history"). Thus, to the extent Plaintiff asserts a claim under § 1431, he does not have the right to sue under this statute, and his claim must therefore be dismissed.[5]

The Amended Complaint also cites 12 U.S.C. § 412, a provision of the Federal Reserve Act. But Plaintiff cannot sue Defendants under this statute because the Federal Reserve Act does not create a private right of action. *E.g.*, *Newson v. Mercedes-Benz Fin. Servs.*, 2024 WL 5089275, at *2 (E.D. Cal. Dec. 12, 2024) (collecting cases), *report and recommendation adopted*, 2025 WL 660546 (E.D. Cal. Feb. 28, 2025); *Hall*, 2025 WL 1042339, at *5 ("[T]he Federal Reserve Act was created to establish and govern the Federal Reserve System of the United States. It does not contain a private right of action."); *Brown v. Home State Bank*, 2023 WL 8436322, at *2 (E.D. Wis. Dec. 5, 2023) (Section 412 "is entirely unrelated to consumer finance and does not provide

---

[5] Plaintiff also alleges no facts suggesting his consumer credit transaction would qualify as a home mortgage that would fall within the scope of the Federal Home Loan Bank Act. Nor does he allege KeyBank qualifies as a federal home loan bank as that term is defined in 12 U.S.C. § 1422(1)(A).

any rights to a private citizen"); *Arnold v. Santander Consumer USA*, 2025 WL 1358546, at *2 (D. Conn. May 9, 2025) ("No law . . . in the country [] suggests that a private individual may bring a claim under 12 U.S.C. § 411 or § 412."); *see also Harp v. Police & Fire Fed. Credit Union*, 2023 WL 5152625, at *4 (E.D. Pa. Aug. 10, 2023) ("Section 29 of the Federal Reserve Act . . . imposes penalties on banks for an array of misconduct[,] [b]ut the imposition of civil penalties under Section 29 is carried out by federal officials, and private individuals do not have a private right of action to enforce Section 29 of the Federal Reserve Act."). Consequently, the Federal Reserve Act does not provide a basis to invoke this Court's federal question jurisdiction. *Robinson v. Trumark Fin. Credit Union*, 2024 WL 3889626, at *2 (E.D. Pa. Aug. 20, 2024). For the same reasons, Plaintiff's proffered amendment seeking leave to assert a breach of contract claim under the Federal Reserve Act also fails. *See* ECF No. 36-1.[6]

Additionally, to the extent Plaintiff asserts a violation of 12 U.S.C. § 1431 or the Federal Reserve Act as the basis for a state-law breach of contract claim, his right to relief on such claim does not require "resolution of a substantial question of federal law," *Empire*, 547 U.S. at 690 (citation omitted), and "[t]he mere reference to a federal statute in this manner does not confer federal question jurisdiction," *Slocum v. Zen Realty*, 2024 WL 666329, at *2 (E.D.N.C. Feb. 16, 2024), *aff'd*, 2024 WL 3201131 (4th Cir. June 27, 2024); *see Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Indeed, Plaintiff fails to plead facts showing the statutes he relies on apply to this matter in the first place, let alone that they present a necessary element of his state cause of action. *See, e.g., Harrison*, 2024 WL 4219319, at *4 ("No portion of [12 U.S.C. § 1431] speaks to authorizing, much less mandating borrowing or loaning funds, to gift them to

---

[6] Likewise, Plaintiff's citation to various provisions of the Uniform Commercial Code ("UCC") cannot save this action because the UCC "is not a statute with a private right of action." *Hall*, 2025 WL 1042339, at *8; *Arnold*, 2025 WL 1358546, at * 3 ("the U.C.C. is not a federal law, nor is it a state law, and it provides Plaintiff with no cause of action").

private individuals like Harrison, on demand."). On the facts presented here, there is simply no "federal issue, actually disputed and substantial," embedded in the state-law breach of contract claim such that federal question jurisdiction over this action would be proper. *Grable*, 545 U.S. at 314; *see United Jersey Banks v. Parell*, 783 F.2d 360, 366 (3d Cir. 1986) ("[I]t is not enough that there be a 'substantial, disputed question of federal law.' It is only if that question also 'is a necessary element of one of the well-pleaded state claims' that federal jurisdiction can be found." (citation omitted)).

Further, to the extent Plaintiff brings this action under state law for breach of contract, he neither invokes this Court's diversity jurisdiction nor pleads any facts to support a finding thereof.[7] Assuming, *arguendo*, that such jurisdiction is proper, the Amended Complaint fails to set forth sufficient facts to state a plausible claim for breach of contract under Pennsylvania law. Moreover, based on the record before the Court, there is no apparent basis for Plaintiff to do so.

To state a claim for breach of contract under Pennsylvania law, a plaintiff must plead facts showing: "(1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016). "To satisfy the first element—the existence of a contract itself—a party must plead enough facts to demonstrate '(1) whether both parties manifested an intention to be bound by the agreement; (2) whether the terms of the

---

[7] Federal diversity jurisdiction requires a dispute between citizens of different states and an amount in controversy that exceeds $75,000.00. 28 U.S.C. § 1332(a). No version of the pleading asserts the parties' citizenship. Plaintiff's legal claim appears to arise from KeyBank's denial of his application for a $65,000.00 loan, which falls below the jurisdictional limit. Though Plaintiff seeks relief in the form of a credit card with a $249,000.00 limit, the Court is not required to credit this legally frivolous damages claim. *See Vives v. Rodriguez*, 849 F. Supp. 2d 507, 514 (E.D. Pa. 2012) ("a plaintiff may fail to satisfy the amount in controversy requirement of § 1332 despite claiming damages in excess of the minimum amount either because (1) she has asserted claims that are so legally insufficient as to be frivolous, or (2) some of her claims for damages are frivolous under the applicable law"); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.").

agreement are sufficiently definite to be enforced; and (3) whether there was consideration.'"
*Abdul-Rahman v. Chase Home Fin. Co., LLC*, 2014 WL 3408564, at *2 (E.D. Pa. July 11, 2014)
(quoting *ATACS Corp. v. Trans World Commc'ns, Inc.*, 155 F.3d 659, 666 (3d Cir. 1998)); *see
Aircraft Guar. Corp. v. Strato-Lift, Inc.*, 103 F. Supp. 2d 830, 835 (E.D. Pa. 2000) ("to form a
contract, there must be an offer, acceptance, consideration or mutual meeting of the minds"). In
this case, Defendants argue Plaintiff has not alleged any facts to support the existence of a contract
or its essential terms. The Court agrees.

The Amended Complaint's factual allegations consist of vague, conclusory, and generally
inscrutable references to KeyBank's alleged contractual obligation to pay Plaintiff interest and
provide him "access to securities." For example, Plaintiff contends he "grant[ed] a security interest
to KeyBank to secure the contractual performance owed to the Principal," ECF No. 30, p. 1, and
that he "provided collateral security" to KeyBank, "securing obligations owed to the Principal,"
*id.*, p. 2. Notably absent are any well-pled allegations evincing an intention by KeyBank to be
bound by an agreement or expressing the essential terms of such agreement. Nor does 12 U.S.C.
§ 1431—which is plainly inapplicable here—impose a contractual obligation on KeyBank to pay
Plaintiff interest. *E.g.*, *Nelson*, 2024 WL 3877605, at *3 (rejecting argument that § 1431 obligated
bank to issue plaintiff loan); *Harrison*, 2024 WL 4219319, at *4 (plaintiff "is not entitled to credit
on demand"). The Amended Complaint thus fails to plead sufficient facts to show the existence
of a contract.

To the extent Plaintiff believes his loan application and/or "Tender to Promissory Note"
constitute a contract obligating Defendants to provide him funds, such claim is plainly incorrect
as a matter of law. "Under Pennsylvania law, '[t]o be a contract, the offer must be accepted. An
offeree has a right to make no reply to offers, and his silence and inaction cannot be construed as

11

an assent to the offer.'" *Smithson v. Koons*, 2017 WL 3016165, at *5 (M.D. Pa. June 26, 2017)

(citation omitted), *report and recommendation adopted*, 2017 WL 3008559 (M.D. Pa. July 14,

2017); *see also Electron Energy Corp. v. Short*, 597 A.2d 175, 177 (Pa. Super. Ct. 1991) ("It is

fundamental contract law that one cannot be liable for a breach of contract unless one is a party to

that contract."), *aff'd*, 618 A.2d 395 (Pa. 1993).  Looking to Plaintiff's exhibits, the Court discerns

that Plaintiff submitted to KeyBank a loan application, but nothing in that document evinces an

agreement or promise by KeyBank to approve the application and grant Plaintiff credit.  *See* ECF

No. 10-5.  Further, KeyBank unequivocally rejected Plaintiff's "offer" by notifying him that his

loan application was denied.  *See* ECF No. 10-6.  As to the "Tender to Promissory Note," ECF No.

10-4, nothing in that document manifests that KeyBank intended to bind itself to the terms therein,

and, aside from the loan denial letter, there is no indication that Defendants signed or otherwise

responded to Plaintiff's note.  *See Smithson*, 2017 WL 3016165, at *5 (rejecting argument that

plaintiff's "notice" to defendants operated as a self-executing contract entitling him to payment).

In short, "[t]hese writings speak for themselves and they state loud and clear: 'There is no contract

here.'" *Linsker v. Sav. of Am.*, 710 F. Supp. 598, 601 (E.D. Pa. 1989).  No amount of repleading

can change that.  Accordingly, Plaintiff has not, and cannot, state a cognizable claim for breach of

contract.

       In sum, the statutes Plaintiff cites in support of his claim do not provide a private right of

action, and neither the Federal Home Loan Bank Act nor the Federal Reserve Act provide elements

essential to Plaintiff's state-law cause of action.  The Court thus concludes that this case does not

"aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  The

Court further finds that—assuming without deciding that federal diversity jurisdiction exists—

Plaintiff has not, and cannot, state a cognizable claim for breach of contract.  Finally, regardless

of any sincerely held belief of Plaintiff to the contrary, the Court finds that Plaintiff's claim is plainly frivolous under any legal theory and cannot go forward. *E.g.*, *Algee v. BA Credit Card Funding, LLC*, 2024 WL 5298644, at *1 (S.D. Ill. Dec. 18, 2024) (finding plaintiff asserting claims based on denial of credit card application similar to those brought by Dixie here "does not have a viable claim for relief"); *Harrison*, 2024 WL 4219319, at *6 (plaintiff's claim "that he may receive any amount of credit on demand is utter nonsense"); *Wood*, 161 Fed. Cl. at 33 ("plaintiff relies on a legal fiction to support a monetary claim that has no basis in the laws of the United States"); *see also supra* note 3.

## V.    Conclusion

*Pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004), *abrogated on other grounds by Iqbal*, 556 U.S. at 678. As Defendants point out, the Court previously advised Plaintiff that he must plead factual allegations showing he is entitled to relief, and he has failed to do so here. Moreover, Plaintiff's claim is based solely on legal theories that are not only frivolous but lack all factual support.

To paraphrase the court in *Algee*, at its core, this case is about Dixie's dissatisfaction with KeyBank's decision to deny his consumer loan application. 2024 WL 5298644, at *2. "Having [previously] granted [Plaintiff] an opportunity to amend his complaint, the Court is satisfied that no set of facts would permit a viable action against [KeyBank] based on this occurrence." *Id.* Accordingly, because no additional facts could cure the fundamental deficiency of this complaint, and regardless of the legal theory advanced, the Court finds that amendment would be futile. *See, e.g.*, *Calloway*, 2024 WL 4596241, at *4 (finding amendment would be futile and dismissing with prejudice under § 1915(e)(2)(B)(ii)); *Harp*, 2023 WL 5152625 (dismissing with prejudice and

without leave to amend, where claims were based on erroneous belief that "'bill of exchange' was valid legal tender" and "a mistaken understanding of how lines of credit operate"); *Baldwin v. Glob. Lending Servs., LLC*, 2025 WL 1426564, at *4 & n.5 (W.D. Okla. May 16, 2025) (concluding action premised on vapor money theory was "based on, and tethered to, a frivolous, soundly rejected legal theory," and thus amendment would be futile because "no matter how well-intentioned," the legal theory underlying the complaint "lacks any basis in law or fact"); *Demmler*, 2006 WL 640499, at *6 (similar); *Bendeck*, 2017 WL 2726692, at *6 (where original and amended pleading were "based on the same frivolous and specious theories," finding "no further amendment could cure the defects"); *Stephens*, 2020 WL 1874117, at *4 (denying amendment and dismissing with prejudice because "even if Plaintiff were to amend his complaint to try to bolster his claims, the very nature of his claims fail as a matter of law").  The Court will therefore dismiss this action with prejudice.

An appropriate Order follows.